**Scott BISHOP, individually and on behalf of all others similarly situated, Plaintiff–Appellant,**

v.

**7–ELEVEN, INC., Defendant–Appellee.**

**No. 14-15986**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 2016 San Francisco, California

Filed June 6, 2016

Ben (Pierce) F. Gore, Pratt & Associates, San Jose, CA, David M. McMullan, Jr., Attorney, Don Barrett, P.A., Lexington, MS, for Plaintiff–Appellant.

James Speyer, Arnold & Porter LLP, Los Angeles, CA, Carolyn A. Pearce, Arnold & Porter LLP, San Francisco, CA, for Defendant–Appellee.

Before: WARDLAW, PAEZ, and BEA, Circuit Judges.

## MEMORANDUM *

Scott Bishop, a consumer of 7-Eleven brand potato chips, appeals the dismissal of his second amended complaint (SAC) pursuant to Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

The district court erred by concluding that the SAC failed to allege facts sufficient to establish statutory standing under California's unfair competition law, Cal. Bus. & Prof. Code § 17200, *et seq.*, false advertising law, Cal. Bus. & Prof. Code § 17500, and Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* At this preliminary stage of the action, Bishop sufficiently alleged actual reliance, which he was required to do under each of his theories because his claims sound in fraud. *See Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 120 Cal.Rptr.3d 741, 246 P.3d 877, 888 n. 9 (2011); *In re Tobacco II Cases*, 46 Cal.4th 298, 93 Cal.Rptr.3d 559, 207 P.3d 20, 39 n. 17 (2009). Bishop adequately alleged that he relied on 7-Eleven's potato chips' front of package "0g trans fat" and "no cholesterol" representations, and that he would not have purchased the chips had 7-Eleven included on the front of the package the "See nutrition information for fat content" disclosure required by the U.S. Food and Drug Administration. *See* 21 C.F.R. §§ 101.13(h)(1), 101.62(d)(i)(ii)(D); *see also Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir.2015) ("[T]he reasonable consumer standard, unlike the individual reliance requirement ..., is not a standing requirement."). California's consumer protection statutes render statements actionable which, although not technically false, have a tendency to mislead consumers because the statements fail to disclose or direct the consumer's attention to other relevant information. *See Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1162 (9th Cir. 2012); *Day v. AT & T Corp.*, 63 Cal. App.4th 325, 74 Cal.Rptr.2d 55, 60 (1998).

**REVERSED.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.